**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Christopher WIDEMAN, Defendant—
Appellant.**

No. 05–10357.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Submission Withdrawn April 17, 2006.

Resubmitted June 30, 2006.

Decided June 30, 2006.

Ray Gattinella, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Karen A. Connolly, Esq., Karen A. Connolly, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, B. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM *

Christopher Wideman was arrested following a drug sting operation and pled guilty to one count of possession with intent to distribute at least 1,110 grams of "cocaine base" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Wideman stipulated that 1,507 grams of "cocaine base" (i.e., "crack" cocaine) were attributable to him for sentencing purposes. The district court calculated an adjusted offense level of 35 and a criminal history category of V, and imposed a sentence of 262 months. On appeal, Wideman challenges the length of his sentence, but none of Wideman's arguments has any merit, and we affirm the sentence imposed by the district court.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we now have jurisdiction to review for reasonableness a challenge to a criminal sentence even if the length of the sentence falls within the applicable, and now advisory, Sentencing Guidelines range. *See United States v. Plouffe*, 445 F.3d 1126, 1128–29 (9th Cir.2006).

█ 1. We reject Wideman's arguments that his sentence is unreasonable because the district court relied too heavily on the Guidelines calculation and did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

take into account other individual mitigating factors. The district court properly relied upon the advisory Guidelines as the starting point for its consideration of the 18 U.S.C. § 3553(a) factors. *See United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir.2006). In correctly calculating the applicable advisory Guideline range, the district court "carefully considered the presentence report; comments of counsel; and [Wideman's] comments, ... together with ... letters" in support of leniency from Wideman's family members. Further, the district court considered the nature of Wideman's criminal history. Rather than minimizing it as a collection of youthful indiscretions, the court concluded that Wideman "has been a substantial player in the drug scene for a period of time."

The district court properly considered the § 3553(a) factors. *See United States v. Mix*, 442 F.3d 1191, 1196–97 (9th Cir.), *amended by* 450 F.3d 375, 2006 WL 1549737 (9th Cir. June 8, 2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." (internal citation and quotation marks omitted)).

■ 2. The district court did not unreasonably fail to consider the disparity between crack cocaine possession sentences imposed under Nevada and federal law because neither § 3553(a) nor the Guidelines require consideration of state-federal sentencing disparities. *See United*

*States v. Vilchez*, 967 F.2d 1351, 1354–55 (9th Cir.1992). In any event, it is not clear whether any state-federal sentencing disparity exists in this case, or if it exists, which way it cuts. Nevada Revised Statutes § 453.3395(3) punishes possession of 1,507 grams of crack cocaine with *either* a life sentence with eligibility for parole after five years *or* a definite term of 15 years with eligibility for parole after five years and a fine of up to $250,000. The federal Guidelines' range for Wideman's offense is 262 to 327 months. Thus, a Nevada sentence could potentially be longer *or* shorter than a federal sentence in this case.

■ 3. Applying rational basis review under the mandatory guidelines system, we have held that the sentencing disparity between crack and powder cocaine offenses is not unreasonable. *See United States v. Harding*, 971 F.2d 410, 413–14 (9th Cir.1992). The overwhelmingly disparate impact that crack cocaine sentences have had on young black men in America did not trigger strict scrutiny equal protection review because the disparity in sentencing was not "traceable to a discriminatory legislative purpose" on the part of Congress. *United States v. Dumas*, 64 F.3d 1427, 1429 (9th Cir.1995) (relying on *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976) and *Pers. Admin. of Mass. v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)). Wideman presents no plausible legal theory why the reasonableness standard of review should lead to a different conclusion from that reached in *Harding* and *Dumas*.[1]

---

1. In 1995, 1997 and again in 2002, the United States Sentencing Commission strongly urged Congress to reduce the 100:1 sentencing disparity between crack and powder cocaine. *See* U.S. Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy 91 (2002), *available at* http://www.ussc.gov/reports.htm; U.S. Sentencing Commission, Special Report to the Congress: Co-

caine and Federal Sentencing Policy 2 (1997), *available at* http://www.ussc.gov/reports.htm; U.S. Sentencing Commission, Special Report to the Congress: Cocaine and Federal Sentencing Policy 198 (1995), *available at* http://www.ussc.gov/reports.htm. That Congress has refused to do so in spite of these recommendations is further support for the reasonable-

4. Wideman's argument that "[a]ll crack is cocaine base but not all cocaine base is crack" is beside the point because the distinction between cocaine base and crack cocaine was not made by anyone in the course of sentencing proceedings here. The Guidelines define "cocaine base" as "crack," U.S.S.G. § 2D1.1(c) (Drug Quantity Table), Note D (2004), and Wideman stipulated to possessing "cocaine base" for sentencing purposes. The record is clear that Wideman was convicted and sentenced for possession of crack and not powder cocaine.

**AFFIRMED.**

ness of the sentencing judge's treatment of the ratio.