**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

TONY MIX,
            *Defendant-Appellant.*

No. 05-10088

D.C. No.
CR-00-01163-PGR

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted February 16, 2006*
San Francisco, California

Filed March 30, 2006
Amended Opinion Filed June 8, 2006

Before: Arthur L. Alarcón and M. Margaret McKeown,
Circuit Judges, and H. Russel Holland,**
Senior District Judge.

Opinion by Judge Alarcón

---

*The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4.

**The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

6355

**COUNSEL**

Tonya J. McMath, Phoenix, Arizona, for the defendant-appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

**ORDER**

We hereby recall the mandate. The court's opinion, filed March 30, 2006, is amended as follows:

Footnote 2 at slip op. 3586 that reads:

>Pursuant to 18 U.S.C. § 3742(f)(1), guideline sentences are reviewed for violations of law and incorrect application of the Guidelines, not reasonableness. Pursuant to § 3742(f)(2), departures from the Guidelines are reviewed in several respects, including reasonableness.

is deleted.

At slip op. 3587 in the last sentence of the first full paragraph insert "departure or impose a sentence based on a guideline departure" after "There was no guideline calculation error because the district court did not calculate a guideline range including a § 5K2.21" and before the "."

With these amendments, mandate shall issue forthwith.

---

## OPINION

ALARCÓN, Circuit Judge:

Tony Mix was convicted of two counts of kidnaping, five counts of aggravated sexual abuse, and two counts of assault with a deadly weapon committed within the confines of the Navajo Indian Reservation. He appeals from the district court's sentencing decision. He contends that the imposition of a life sentence was unreasonable and inconsistent with the requirements of 18 U.S.C. § 3553(a). He also maintains that the district court's application of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), in its sentencing decision violated his rights under the Fifth and Sixth Amendments of the United States Constitution.

We affirm because the sentence imposed by the district court was reasonable. We also hold that the district court's application of *Booker* to its sentencing decision did not vio-

late Mr. Mix's rights under the Due Process clause of the Fifth Amendment, nor did the district court violate the Sixth Amendment in failing to submit sentence enhancing factors to the jury.

**I**

**A**

The evidence presented by the prosecution at trial demonstrated that Mr. Mix committed numerous violent acts of sexual and physical assault against his live-in companion between 1998 and 2000. She was too frightened to report him to the police until October 30, 2000. Her physical injuries on that date were so severe that her examining physician testified that she had never seen so much trauma to a sexual assault victim who had survived. The physician was so distressed by the severity of the victim's injuries that she had to leave the room to cry and compose herself before she could administer medical treatment. Two other women testified that they had been physically and sexually abused by Mr. Mix during their relationship with him. During the sentencing proceedings, the district court commented that Mr. Mix's violent acts against women were "perhaps one of the most brutal, if not the most brutal, set of circumstances that the [district] Court has had the misfortune to preside over."

The jury found Mr. Mix guilty of each crime alleged in the indictment. The district court adopted the recommendations set forth in the presentence report ("PSR"). The court departed upward pursuant to U.S.S.G. § 5K2.3 for extreme psychological injury, § 5K2.8 for extreme conduct, § 5K2.21 for uncharged conduct. The court denied Mr. Mix's request for a downward departure.

Mr. Mix was sentenced to life imprisonment for committing Kidnaping, as charged in Counts One and Nine, and Aggravated Sexual Abuse, as charged in Counts Two, Three,

Four, Five and Six. He was sentenced to serve one hundred and twenty months for committing Assault with a Dangerous Weapon, as charged in Counts Seven and Eight to be served consecutive to each other and concurrent to the sentences imposed on Counts One through Six and Count Nine.

Mr. Mix filed a timely appeal from the judgment and conviction on March 14, 2002. In an unpublished opinion issued before the Supreme Court's decision in *Booker*, we affirmed the judgment of conviction, but reversed the sentence in part, and remanded for resentencing. *United States v. Mix*, 77 Fed. Appx. 986, 990 (9th Cir. 2003). We held that the district court erred in departing upward for uncharged conduct pursuant to § 5K2.21 because that sentencing guideline did not become effective until November 1, 2000, one day after Mr. Mix's last charged offenses. *Id.*

**B**

On remand, the district court postponed resentencing until after the publication of *Booker*; and, in consideration of *Booker*, the district court again imposed concurrent life sentences as to Counts One through Six and Nine and consecutive 120-month sentences as to Counts Seven and Eight, the latter sentences to run concurrent with the life sentences. Before resentencing Mr. Mix, the court heard lengthy arguments from counsel, and heard Mr. Mix's allocution. The district court adopted the presentence report "in all respects, factually, and legally, and insofar as the guideline computations are concerned except as will be further addressed by this court." The district court then recited at length the grisly circumstances of Mr. Mix's offenses, including his long history of violence toward women. Turning to legal considerations, the court observed that "*Apprendi* . . . has no application to this case." However, the district court said, "[t]he *Booker* decision in its majority [decision] issued by Justice Breyer clearly applies to this case."

Having discussed both the facts of the case and the law applicable to it, the district court turned to the application of Sentencing Commission Guidelines and 18 U.S.C. § 3553(a) sentencing factors. In the discussion that followed, the district court expressly touched upon § 3553(a)(1) and (2) factors: nature of the offense, history and characteristics of the defendant, the promotion of respect for law, just punishment for offenses, deterrence, and protection of the public.[1]

At the end of its discussion of § 3553(a) sentencing factors, the district court briefly returned to the matter of a guideline sentence calculation, which had been adopted from the presentence report. As it had done in the first sentencing of Mr. Mix, the district court made express mention of an upward departure for extreme conduct, U.S.S.G. § 5K2.8, and for extreme psychological injury, U.S.S.G. § 5K2.3. Also, but without express reference to U.S.S.G. § 5K2.21, the application of which had occasioned the remand of the case for resentencing, the district court observed that it had previously imposed an upward departure on the basis of that guideline and that "in view of the Booker decision, it is not unreasonable for this Court to conclude that any guideline that is effective at the date of sentencing would be appropriate for the Court to consider as an advisory nature. I see no ex post facto issues . . . ." The district court ended its presentence discussion with the conclusion that

> the use of the term "departures" is no longer relevant and/or appropriate. But the Court concludes that the guidelines do not sufficiently provide for the heinous, brutal, continued nature upon the victims in this case and it is going to consider a variance to the degree necessary in imposing the following sentences.

---

[1]In consideration of the sentencing factors just discussed, the court observed that the educational or vocational needs of the defendant were in this instance "subservient" to the other requirements of § 3553(a).

With the foregoing explanations, the court imposed a life sentence. Mr. Mix filed a timely notice of appeal of the sentence imposed upon remand. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II

Mr. Mix seeks reversal of the district court's sentencing decision on discrete grounds. He argues that the life imprisonment sentence imposed by the district court is unreasonable because it erroneously applied § 5K2.21 as the basis for an upward departure and failed to consider mitigating sentencing factors pursuant to 18 U.S.C. § 3553(a)(1). He also maintains that the district court's application of the *Booker* decision in resentencing him violated his Fifth Amendment right to due process and his Sixth Amendment right to have a jury make findings regarding facts that would support an upward departure.

## A

**[1]** In *United States v. Cantrell*, 433 F.3d 1269, 1279-81 (9th Cir. 2006), we adopted a two-step procedure for reviewing sentences imposed following the date the Supreme Court issued its opinion in *Booker*. We held that district courts are not mandated to sentence within an applicable guideline range because the Sentencing Guidelines are advisory—not mandatory. *Id.* at 1279 (citing *Booker*, 543 U.S. at 259-60). District courts, however " 'must consult [the] Guidelines and take them into account when sentencing,' even though they now have the discretion to impose non-Guidelines sentences." *Id.* (quoting *Booker*, 543 U.S. at 264). This consultation requirement from *Booker* means that a district court must calculate *correctly* the sentencing range prescribed by the Guidelines. "In other words, as was the case before *Booker*, the district court must calculate the Guidelines range accurately. A misinterpretation of the Guidelines by a district court 'effectively means that [the district court] has not properly consulted the

Guidelines.' " *Id.* at 1280 (quoting *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005)). In addition, a district court must apply the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision. *Id.* at 1279-80.

**[2]** In order to calculate the applicable Guidelines range for a case, a sentencing court must first determine which Guidelines apply to the case. U.S.S.G. § 1B1.11 addresses this subject, and begins with the general proposition that a court will use the Guidelines Manual in effect on the date of sentencing. However, U.S.S.G. § 1B1.11(b)(1) provides:

> If the court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.

After *Booker,* the departure Guidelines (U.S.S.G. § 5K1 and § 5K2) remain operative. An accurate guideline range calculation may still properly require consideration and correct application of the departure Guidelines. In an appeal from a sentencing decision, we must first determine whether the district court properly considered the applicable Sentencing Guidelines. *Cantrell*, 433 F.3d at 1279-81. If the district court incorrectly construed the Sentencing Guidelines, we must vacate the sentence and remand for resentencing. *Id.* at 1280. We review a district court's interpretation of the Sentencing Guidelines *de novo*. We review the application of the Sentencing Guidelines to the facts of the case for abuse of discretion and factual findings for clear error. *United States v. Smith*, 424 U.S. 992, 1015 (9th Cir. 2005). If we conclude that the district court did not err in applying the Sentencing Guidelines, we review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *Cantrell*, 433 F.3d at 1280.

The first issue Mr. Mix has raised in this appeal *is* whether the sentence was reasonable. We conclude that it was.

**B**

**[3]** On resentencing Mr. Mix, the district court adopted the guideline analysis of the presentence report and made it clear that, while it believed that it might consider U.S.S.G. § 5K2.21, it did not do so. As reflected by the court's long exposition of what took place in sentencing Mr. Mix, it is abundantly clear that the district court imposed a sentence outside of the Guidelines based upon consideration of § 3553(a) factors that the district court believed had not been adequately taken account of by the Guidelines calculation. The district court's statement that use of the term "departure" was not relevant or appropriate in this case clearly signaled that the court was not imposing a guideline sentence. Having considered the applicable Guidelines range based upon the presentence report, the district court expressly stated that in Mr. Mix's case, "the guidelines do not sufficiently provide for the heinous, brutal, continued nature [of violence] upon the victims in this case and it is going to consider a variance to the degree necessary to impose the following sentences."

**[4]** We conclude that the district court properly considered the applicable Guidelines because it determined not to effect an upward departure based on U.S.S.G. § 5K2.21. Mr. Mix argues that the life sentence imposed by the district court is unreasonable because it erroneously applied § 5K2.21 as the basis for an upward departure. This argument conflates guideline sentencing review with post-*Booker* sentencing review. As set out above, the district court was obligated to undertake a correct Guidelines range calculation, and under *Booker*, the district court was required to take account of § 3553 sentencing factors as well. The district court did both. There was no guideline calculation error because the district court did not calculate a guideline range including a § 5K2.21 departure or impose a sentence based on a guideline departure.

## C

**[5]** As regards post-*Booker* sentencing, Mr. Mix contends that the district court failed to consider the mitigating sentencing factors set forth in 18 U.S.C. § 3553(a)(1). As discussed in considerable detail above, the district court considered at length and in great detail the nature of Mr. Mix's offenses. Section 3553(a)(1) also required the district court to consider Mr. Mix's personal history and characteristics. That is exactly what the court did when it considered Mr. Mix's 17-year history of violence toward women. There is no *ex post facto* problem here because § 3553(a) has been the law of the land since 1984. The district court aptly considered other § 3553(a)(2) factors as well.

Mr. Mix contends that in imposing a life sentence, the district court "ignored all the evident § 3553(a) factors which militate in favor of leniency." He argues that

> [w]hile the sentencing court here dwelled at length on "the nature and circumstances of the offense" and Mix's "history" as it relates to other uncharged conduct . . . , the Court failed to so much as pay lip service to the wealth of information available to it regarding Mix's "history and characteristics" relating to his mental health.

Mr. Mix also maintains that the district court failed to consider his "record of employment, his military contributions, and his lack of guidance as a youth."

**[6]** "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). A district court is not required to refer to each factor listed in § 3553(a). *United States v. Simpson*, 430 F.3d 1177, 1186

(D.C. Cir. 2005); *see also United States v. Ayers*, 428 F.3d 312, 315 (D.C. Cir. 2005) ("[W]e ordinarily presume a district court imposing an alternative non-Guidelines sentence took into account all the factors listed in § 3553(a) and accorded them appropriate significance."). "[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." *United States v. Smith*, ___ F.3d ___, 2006 WL 367011, at *2 (5th Cir. Feb. 17, 2006) (citing *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)). Contrary to Mr. Mix's contention and as summarized above, the district court expressly considered the factors set forth in § 3553(a). The record also shows that the district court considered the expert's reports concerning Mr. Mix's alleged psychological and neuropsychological impairments. In this respect, the district court commented as follows:

> Two evaluations completed on the defendant indicate that the defendant was not completely truthful in answering questions, and both evaluations concluded his psychopathology was probably overrepresented. And he confirms that today by his rather articulate and extended statement to this Court wherein he refuses to accept responsibility for his conduct and his acts.
>
> He is trying to portray himself as mentally ill. The Interpretative report of the MMPI-2 stated the defendant believed others have harmed him and are working against him, even though almost one year after his attack against Tohannie—or strike that, more like two-and-a-half years now—he is still blaming her and probably Linda Yellowhorse and Florence Russell for his current situation.
>
> He acknowledged losing control, but he has no concept of the harm he caused to these women and their children. His victims live in fear. They fear the

defendant will be released and come back to do further harm or kill them.

**[7]** The facts as regards Mr. Mix's history, characteristics, and other § 3553(a) factors were not the subject of an evidentiary hearing and have never been disputed. We conclude that in light of Mr. Mix's seventeen-year history of unspeakably inhuman sexual abuse of women, and his continuing characterization of his conduct as unintentional, during the sentencing proceedings, the district court's imposition of a sentence outside the Guidelines range was well explained by the district court and justified the sentences imposed.

## D

**[8]** In summary, it is both important and legally necessary under 18 U.S.C. § 3553(a) and under *Booker* that the district court conduct parallel analyses — first employing the Guidelines, and then considering non-guideline sentencing factors under § 3553(a).[2] In many instances, there will be no non-Guidelines issues in sentencing; and, in those cases, review by this court will be de novo for accuracy as regards the calculation of Guidelines ranges. In other cases, such as this one, substantial questions may arise as to whether or not the Guidelines adequately take account of the § 3553(a) sentencing factors. Where, as here, the district court determines that the Guidelines do not adequately take account of § 3553(a) sentencing factors, the district court, may, in furtherance of *Booker*, impose a sentence outside and apart from the Guidelines. Because the scope of review differs depending upon the sentencing methodology employed by the district court, it is important that district courts clearly and carefully differentiate

---

[2]We again leave open the question left open in Cantrell, 433 F.3d at 1280 n.3, "whether, and under what circumstances, district courts may find it unnecessary to calculate the applicable Guidelines range." We note only that this was a case in which it was necessary for the district court to calculate the applicable Guidelines range.

between the findings and conclusions as regards the application of the Guidelines, and the findings and conclusions as regards the application of non-Guidelines factors pursuant to 18 U.S.C. § 3553(a). Here, we are able to discern the sentencing methodology that the district court ultimately applied, and why it did so. In light of the non-Guidelines, § 3553(a)(1) and (2) analysis performed by the district court, we conclude that the sentence imposed on Mr. Mix was reasonable.

## III

Finally, Mr. Mix contends that the district court's application of *Booker* in this matter violated his Fifth Amendment right to due process and his Sixth Amendment right to have a jury determine facts that increased his punishment. We rejected similar arguments in *United States v. Dupas*, 419 F.3d 916, 920-21 (9th Cir. 2005). Mr. Mix argues that application of Justice Breyer's remedial holding in *Booker*, which made the Sentencing Guidelines advisory, should not be applied retroactively because that would violate the *ex post facto* principles described in *Bouie v. City of Columbia*, 378 U.S. 347, 353-55 (1964).

**[9]** Mr. Mix's due process argument is flawed for several reasons. First, the Supreme Court expressly stated that both of its holdings in *Booker* should be applied to cases on direct review. 543 U.S. at 267; *see also United States v. Rines*, 419 F.3d 1104, 1106-07 (10th Cir. 2005) (commenting "[w]e decline Defendant's invitation to hold that the Supreme Court ordered us to violate the Constitution"). Moreover, "our decision in *Ameline*, under which Sixth Amendment violations can be cured by giving district courts the opportunity to resentence defendants under the now-advisory Guidelines, necessarily implies that appellate courts should apply both Booker holdings retroactively." *Dupas*, 419 F.3d at 920. "Fair warning . . . is the touchstone of the retroactivity analysis under the Due Process Clause." *Id.* at 921 (citing *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001)); *see also United States v. Lata*, 415

F.3d 107, 110-11 (1st Cir. 2005) (commenting that "after-the-offense enlargement of the . . . maximum sentence by judicial construction can raise due process objections based on lack of fair warning but only where the alteration is 'unexpected and indefensible' by reference to the case law").

**[10]** When Mr. Mix committed his crimes, the United States Code informed him that the maximum sentence was life in prison for Aggravated Sexual Abuse pursuant to 18 U.S.C. § 2241, and Kidnaping, 18 U.S.C. § 1201. *See United States v. Jamison*, 416 F.3d 538, 539 (7th Cir. 2005) (holding that Defendant had fair warning because his sentence was within the maximum spelled out in the United States Code); *see also United States v. Duncan*, 400 F.3d 1297, 1307 (11th Cir. 2005) (commenting "at the time of Duncan's criminal conduct, the recognized state of the law looked to the U.S. Code as establishing maximum sentences"). Accordingly, the sentence imposed in the instant case did not violate due process, because at the time Mr. Mix committed his crimes, life imprisonment was a potential consequence of his actions.

**[11]** We also held in *Dupas* that the advisory Guidelines remedy in *Booker* "gives the sentencing judge discretion to sentence outside the guideline range, but still allows the sentencing judge (as distinct from a jury) to make the findings of fact necessary to determine the guideline range in the first place." *Dupas*, 419 F.3d at 919. The fact that the district court considered uncharged conduct in imposing a sentence of life imprisonment did not violate the Sixth Amendment.

**AFFIRMED**.