**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose De Jesus SERRANO, Defendant— Appellant.**

No. 05–50394.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted July 24, 2006.*

Decided July 27, 2006.

Vipal Patel, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

### MEMORANDUM **

Jose de Jesus Serrano appeals from the district court's judgment and 57–month sentence imposed following a guilty-plea conviction for one count of conspiracy to possess with intent to distribute, and to distribute heroin, in violation of 21 U.S.C. § 846, and three counts of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Serrano contends that the district court's imposition of a 57–month sentence was unreasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). A sentence is reasonable when the district court properly calculates the guidelines range and considers the sentencing factors contained in 18 U.S.C. § 3553(a). *United States v. Marcial–Santiago,* 447 F.3d 715, 717 (9th Cir.2006). Here, the district court properly calculated the guidelines range because, contrary to Serrano's contention, the court did not clearly err in refusing to make a two-level "minor participant" adjustment under U.S.S.G. § 3B1.2(b). *See United States v. Cantrell,* 433 F.3d 1269 (9th Cir. 2006) ("[A] minimal or minor participant adjustment under § 3B1.2 is available only if the defendant was 'substantially' less culpable than his or her co-participants."). The district court also properly considered the § 3553(a) sentencing factors. *See United States v. Plouffe,* 445 F.3d 1126, 1131 (9th Cir.2006) (amended) (holding that sentence is reasonable when the district court properly addresses sentencing factors of § 3553(a)), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006); *see also United States v. Mix,* 450 F.3d 375, 381 (9th Cir.2006) (amended) ("A district court is not required to refer to each factor listed in § 3553(a).").

Serrano makes three further contentions, all of which are foreclosed by our previous decisions. *See United States v. Dupas,* 419 F.3d 916, 919–924 (9th Cir. 2005) (holding that retroactive application of post-*Booker* remedial scheme does not violate ex post facto principles and that delegating authority to probation officer to assess drug treatment costs is not plain error), *cert. denied,* —— U.S. ——, 126 S.Ct. 1484, 164 L.Ed.2d 261 (2006); *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 773 (9th Cir.2006) (holding that imposing supervised release condition that defendant report to his probation officer upon re-entry into the United States is not plain error).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.