**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mikhail POPKO, Defendant— Appellant.**

**No. 06–30251.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.[*]

Filed Dec. 12, 2006.

Fed. R.App. P. 34(a)(2).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See*

---

Gerald R. Smith, Esq., Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Earl Allan Hicks, Esq., Office of the U.S. Attorney, Spokane, WA, Plaintiff–Appellee.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

#### MEMORANDUM **

Mikhail Popko appeals from the 24–month sentence imposed following his guilty-plea conviction for possession of stolen firearms in violation of 18 U.S.C.

§ 922(j). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Popko contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court improperly departed upward based on his criminal history, and because his sentence was similar to the sentence imposed on his co-defendant, whose criminal history was much more extensive. However, the record reflects that "the district court imposed a sentence outside of the Guidelines based upon consideration of § 3553(a) factors that the district court believed had not been adequately taken account of by the Guidelines calculation." *United States v. Mix*, 457 F.3d 906, 911–12 (9th Cir.2006). While Popko's sentence was similar to his co-defendant's, the district court gave thoughtful and individualized attention to factors recognized in § 3553(a) and "exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the [defendant]." *See United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.), *cert. denied sub nom. Acosta–Franco v. United States*, —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006). We conclude that Popko's sentence was reasonable.

■ Popko further contends that the district court erred in imposing restitution at a second hearing subsequent to his sentencing hearing. We conclude that any error was harmless because the parties stipulated to an order of restitution under the plea agreement, and because the amount of restitution was uncontested, so Popko fails to demonstrate actual prejudice. *See United States v. Cienfuegos*, 462 F.3d 1160, 1163 (9th Cir.2006) (noting that failure to comply with the procedural re-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

quirements of 18 U.S.C. § 3664 "is harmless error absent actual prejudice").

**AFFIRMED.**