**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James C. STONE, Defendant—
Appellant.**

No. 06–30287.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 22, 2006.

George W. Breitsameter, Esq., Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Gerald R. Smith, Esq., Law Office of Gerald R. Smith, Spokane, WA, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

James C. Stone, a thieving victim of "The Nigerian Scam," appeals his sentence following his guilty plea to making false statements and concealing facts in relation to documents required by the Employment Retirement Income Security Act of 1974 ("ERISA"), in violation of 18 U.S.C. § 1027. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. First, the district court did not err in applying the cross reference to § 2B1.1 to establish the base offense level. The 2005 Sentencing Guidelines § 2E5.3 states that when a defendant makes false statements regarding required ERISA documents "to facilitate or conceal (A) an offense involving a theft, a fraud, or an embezzlement," the sentencing court is to apply Guidelines § 2B1.1 to establish the base offense level. In his written plea agreement, Stone admitted to "misappropriation" of funds. Misappropriation is defined as "[t]he application of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

another's property or money dishonestly to one's own use. See EMBEZZLEMENT." *Black's Law Dictionary* 449 (2d Pocket ed.2001). Hence, application of the cross reference to § 2B1.1 was proper.

Regarding Stone's second claim, the district court did not abuse its discretion in not applying the third-level reduction. Under our decision in *United States v. Espinoza–Cano*, 456 F.3d 1126, 1136 (9th Cir.2006), the government may refuse to move for the third-point reduction under Guidelines § 3E1.1(b) so long as the government's motives are not unconstitutional or arbitrary. The government's motives were neither unconstitutional nor arbitrary here; rather, the government did not move for the third-level reduction because Stone asserted the S.O.D.D.I. (Some Other Dude Did It) defense to the crime of fraudulently altering a receipt, rather than admit his guilt. The discovery of multiple iterations of the receipt in Stone's office was inconvenient. Accordingly, and per the terms of the plea agreement, the government properly did not move for the third-level reduction.

Next, the district court's interest calculation was not clearly erroneous. Pursuant to *United States v. Gordon*, 393 F.3d 1044 (9th Cir.2004), the district court may consider interest on the lost monies as part of the restitution payment. Here, the interest calculation was based on the interest earned by the funds remaining in the pension plan during the time period Stone misappropriated funds from the pension plan. Such a calculation was not clear error.

Finally, we reject Stone's contention that the district court's failure to depart downward from the Sentencing Guidelines recommended sentence was unreasonable. In *United States v. Mix*, 457 F.3d 906, 912 (9th Cir.2006), we explained

that " '[j]udges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.' " (quoting *United States v. George*, 403 F.3d 470, 472–73 (7th Cir.2005)). Here, the record shows that the district court adequately considered § 3553(a) factors in its sentencing decision. The court expressly explained that it had considered Stone's reasons for departure. The court explained further that it was concerned with Stone's "health issue." The court acknowledged it was not bound by the Guidelines and sentenced Stone on the low end of the recommended range. We find the district court's sentence reasonable.

**AFFIRMED.**