**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfred Arnold AMELINE, Defendant–Appellant.**

No. 06–30080.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2006.

Filed Dec. 26, 2006.

Lori Harper Suek, Esq., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Brian P. Fay, Esq., Angel Screnar Coil Bartlett & Fay, Bozeman, MT, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM *

The district court's attribution of two five-ounce methamphetamine transactions

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

to Appellant, Alfred Ameline ("Ameline"), on the basis of a hearsay statement made by a witness who testified at Ameline's resentencing hearing was not clearly erroneous. *United States v. Alvarez,* 358 F.3d 1194, 1212 (9th Cir.2004) ("The district court's determination of drug quantity is a factual issue reviewed for clear error.").

"Due process requires that some minimal indicia of reliability accompany a hearsay statement" used in determining a defendant's sentence. *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993). Thus, we have held due process requires that an otherwise inadmissible hearsay statement may only be considered in sentencing where corroborated by extrinsic evidence. *See United States v. Ponce,* 51 F.3d 820, 828 (9th Cir.1995) (citing *Petty,* 982 F.2d at 1369). Likewise, the United States Sentencing Guidelines permit the use of hearsay evidence during sentencing only if it has "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a).

Here, the hearsay statement admitted during sentencing had "sufficient indicia of reliability to support its probable accuracy." *Id.* Specifically, the declarant repeatedly testified under oath at Ameline's resentencing hearing that he told the truth when he made the earlier statement. It therefore follows that the declarant corroborated by extrinsic evidence his prior statement regarding the two five-ounce methamphetamine transactions, such that the testimony could be considered in sentencing. *Ponce,* 51 F.3d at 828.

The retroactive application of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), during Ameline's resentencing did not violate *ex post*

*facto* principles inherent in the Due Process Clause. *See United States v. Mix,* 457 F.3d 906, 914 (9th Cir.2006) (holding the retroactive application of *Booker* does not violate due process).

Accordingly, we AFFIRM.