**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert James ASCENCIO,**
**Defendant–Appellant.**

**No. 05–10819.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.*

Filed Jan. 11, 2007.

Matthew S. Harris, USSJ—Office of the U.S. Attorney, San Jose, CA, for Plaintiff-Appellee.

Angela M. Hansen, FPDCA—Federal Public Defender's Office, San Jose, CA, for Defendant-Appellant.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Appellant Robert James Ascencio (Ascencio) challenges the 170–month sentence imposed by the district court.

 The district court's determination that the government demonstrated by a preponderance of the evidence that more than 20 grams of methamphetamine was for distribution was not clearly erroneous. *See United States v. Alvarez,* 358 F.3d 1194, 1212 (9th Cir.2004) ("The district court's determination of drug quantity is a factual issue reviewed for clear error.") (citation omitted); *see also id.* ("The government must prove quantity by a preponderance of the evidence[.]") (citation omitted).[1]

 The district court also properly considered the sentencing factors articulated in 18 U.S.C. § 3553. *See United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.") (citation omitted). The district court's approach reflected an understanding that the Guidelines are a "starting point." *See United States v. Espinoza–Cano,* 456 F.3d 1126, 1128 (9th Cir. 2006) (citation omitted).

 The sentence was reasonable in light of Ascencio's extensive criminal history and the circumstances surrounding the present offense, including that he was carrying a large quantity of methamphetamine, a large amount of cash, as well as a gun. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 770–71 (9th Cir. 2006) (recognizing as reasonable a sentence that is "sufficient, but no greater than necessary" to comport with the goals of § 3553(a)(2)).

**AFFIRMED.**

1. The district court adequately considered that some amount of the methamphetamine may have been for personal use.

