**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lino HERNANDEZ, Defendant–Appellant.**

**No. 06–10165.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 11, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

USSAC–Office of The U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Dwight M. Samuel, Esq., Sacramento, CA, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Lino Hernandez appeals from the 292–month sentence imposed following a remand in accordance with *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). We have jurisdiction under 28 U.S.C. § 1291. We review for reasonableness, *see Ameline*, 409 F.3d at 1085, and we affirm.

The district court explained that, in view of the 18 U.S.C. § 3553(a) factors, Hernandez's sentence would not have differed materially if it had known at the time of the first sentencing hearing that the U.S. Sentencing Guidelines were merely advisory. In view of the scope of the *Ameline* remand, and the record made by the sentencing judge at the first hearing, we cannot say that the sentence is unreasonable because the sentencing judge failed to reiterate the Guidelines determinations, or to address the § 3553(a) factors, that formed the basis for the sentence. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006) (stating that judges "need not rehearse on the record all" of the § 3553(a) factors if they first accurately calculate the Guidelines range and then explain the sentence). Furthermore, we reject Hernandez's contention that his sentence was improperly based on judicial factfinding. *See United States v. Williamson*, 439 F.3d 1125, 1140 (9th Cir.2006). Finally, we conclude that the sentence is reasonable. *See United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

This court has already considered and rejected Hernandez's contention regarding shackling at trial. *See United States v. Barrera–Medina*, 139 Fed.Appx. 786, 796–98 (9th Cir.2005), *cert. denied*, — U.S. —, 126 S.Ct. 1403, 164 L.Ed.2d 103 (2006). That ruling is now law of the case, and so we decline to reconsider this contention. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir.1995).

Finally, we decline to reach those contentions raised for the first time in the reply brief. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir.2006).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.