**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ryann Michael FRADENBURGH, Defendant—Appellant.**

No. 06–30467.

United States Court of Appeals, Ninth Circuit.

Field Manual and the California Secretary of State's "Certificate of Status, Domestic Corporation."

Submitted May 11, 2007.*

Filed May 29, 2007.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff-Appellee.

Jay F. Lansing, Esq., Moses & Lansing, PC, Billings, MT, for Defendant-Appellant.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM **

Petitioner Ryann Michael Fradenburgh appeals the district court's denial of his motion to suppress evidence seized pursuant to a January 7, 2005 search warrant. Fradenburgh also appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Fradenburgh contends that the search warrant was not supported by probable cause. This contention is unpersuasive. The sworn information in the affidavit provides sufficient description of the person and the place to be searched and sufficient information necessary to show probable cause. *See United States v. Anderson,* 453 F.2d 174, 175 (9th Cir.1971) ("[A]ll data necessary to show probable

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath.").

■ Fradenburgh also argues that the search warrant was improperly issued. He contends that the warrant was invalid because it was issued by Chief Randy Ketterling, an interested party. Fradenburgh is mistaken. Even though the warrant was signed by both Justice of the Peace Anna Straub and Chief Ketterling, Justice of the Peace Straub's signature, the Montana Judicial seal, and the text of the warrant leave no doubt that Justice of the Peace Straub was the issuing authority. Thus, the warrant was properly issued by a neutral and detached magistrate. *See Menotti v. City of Seattle,* 409 F.3d 1113, 1152 (9th Cir.2005).

■ We also reject Fradenburgh's challenge to his sentence. Contrary to Fradenburgh's argument, the district court properly calculated the Sentencing Guideline range and considered the 18 U.S.C. § 3553(a) factors. *See United States v. Mix,* 457 F.3d 906, 912–13 (9th Cir.2006). In fact, the district court considered many of the § 3553(a) factors, including Fradenburgh's mental defects, before it imposed a sentence. In light of the hundred plus video and still images of child pornography found on Fradenburgh's computer, we cannot say that his sentence was unreasonable.

AFFIRMED.