UNITED STATES of America,
Plaintiff–Appellee,

v.

Arvella Walker NELSON, a/k/a Arvella Jean Walker, Defendant–Appellant.

No. 06–50096.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 21, 2007.

Lawrence S. Middleton, Esq., Becky S. Walker, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Arvella Walker Nelson appeals from her 41–month imposed following her guilty-plea conviction for conspiracy and assisting in the preparation of a false income tax return in violation of 18 U.S.C. § 371 and 26 U.S.C. § 7206(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, Nelson contends that the district court erred by imposing a four-level upward adjustment for being a leader pursuant to U.S.S.G. § 3B1.1(a), and that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve whether she was an organizer of the criminal scheme. We disagree. There was ample evidence that Nelson organized a group of participants in her criminal scheme. *See United States v. Munoz*, 233 F.3d 1117, 1136–37 (9th Cir.2000). Additionally, the district court found that the planning and organization that went into the conduct of the conspiracy was on account of Nelson, not the co-defendants, and that the co-defendants were vulnerable and were led into the conspiracy by Nelson's kindness. Accordingly, the district court judge did not violate Rule 32. *See United States v. Ingham*, 486 F.3d 1068, 1075–76 (9th Cir.2007).

Next, Nelson contends that the district court erred in applying the incorrect base offense level based on the amount of loss. Her contention, however, is not supported by the record. The record indicates that the total intended loss of the scheme was $794,000, which corresponds to the base offense level applied by the district court.

Finally, Nelson's contentions regarding the retroactive application of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), are foreclosed. *See United States v. Mix*, 457 F.3d 906, 914 (9th Cir.2006); *United States v. Dupas*, 419 F.3d 916, 919–21 (9th Cir.2005).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

