**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Nicholas BROOKS, Defendant—
Appellant.**

No. 06–10577.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2007 *.

Filed Nov. 27, 2007.

Karyn Kenny, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Arthur L. Allen, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BEEZER, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Defendant Nicholas Brooks ("Brooks") appeals his sentence of 120 months' imprisonment imposed by the district court for retaliating against a witness, victim or an informant in violation of 18 U.S.C. § 1513(b)(2). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts of the case, we do not recite them here.

Brooks argues that his sentence is unreasonable under the factors enumerat-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ed in 18 U.S.C. § 3553(a). The record reflects that the district court thoroughly considered most of the factors set forth in § 3553(a). The trial court is not required to refer to each factor individually. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir.2006). The sentence properly reflects the seriousness of Brooks' crime, including the death of the victim, the effect of the victim's death on the administration of justice and Brooks' subsequent efforts to cover up his actions and those of Burse. *See United States v. Mohamed*, 459 F.3d 979, 989 (9th Cir.2006) ("Where ... the district court has thoroughly explained its decision to deviate from the advisory guidelines and the sentence it has imposed is justified by the unique facts of the case, we will uphold the sentence.").

■ Brooks claims an unwarranted sentencing disparity. The record reflects that Burse agreed to a 120–month sentence for his role in the victim's death but apparently received a lower sentence because, unlike Brooks, he cooperated with the government. Shaffer also received a 120–month sentence for the same count to which Brooks pleaded, to be served concurrently with her sentences for other crimes. The fact that Shaffer's sentence for violation of § 1513(b)(2) runs concurrently with her sentences for additional crimes does not result in an unreasonable disparity between her sentence and that of Brooks. Shaffer's aggregate sentence is substantially longer than that of Brooks, and her additional crimes, while serious, did not result in the death or physical injury of a victim.

Brooks' sentence is reasonable under the factors enumerated in § 5K2.1 of the United States Sentencing Guidelines. While some of the § 5K2.1 factors do not weigh against Brooks, other § 5K2.1 factors weigh in favor of an increased sentence. Brooks knowingly assumed a risk of death or serious injury to the victim.

The offense level of Brooks' conviction under the advisory Guidelines did not fully reflect the risk of severe injury or death to the victim that resulted from Brooks' conduct.

Brooks' Sixth Amendment argument is precluded, as Brooks himself admits, by the Supreme Court's opinion in *Cunningham v. California*, —— U.S. ——, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Brooks cites no other precedent to support his Sixth Amendment claim.

**AFFIRMED.**