**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio REYES–LOPEZ,
Defendant–Appellant.**

**No. 07–50280.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2008.*

Filed April 10, 2008.

---

* The panel unanimously find this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Carla Bressler, Esq., Tracy J. Cody, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Siri Shetty, Esq., Law Office of Siri Shetty, San Diego, CA, for Defendant–Appellant.

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Antonio Reyes–Lopez appeals his 30–month sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Reyes–Lopez argues that the district court abused its discretion and deprived him of due process by relying for sentencing purposes on hearsay statements contained in the presentence report. "Due process requires that some minimal indicia of reliability accompany a hearsay statement." *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir.1993), *as amended by* 992 F.2d 1015 (9th Cir.1993), *cert. denied,* 510 U.S. 1040, 114 S.Ct. 683, 126 L.Ed.2d 650 (1994); *see also United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.2006); *United States v. Ponce,* 51 F.3d 820, 828 (9th Cir.1995) ("While hearsay statements may be considered at sentencing, due process requires that such statements be corroborated by extrinsic evidence."). The district court's determination of reliability is reviewed for abuse of discretion. *Unit-*

*ed States v. Berry,* 258 F.3d 971, 976 (9th Cir.2001).

■ The presentence report in this case contains accounts of three totally different events, taken from official records, spanning a period of several years. In each account, Reyes–Lopez was identified as the foot guide for aliens sneaking into the country. These completely independent accounts were accompanied by a sufficient indicia of reliability and also corroborate each other.

■ Reyes–Lopez also asserts that his 30–month sentence is unreasonable because the district court erred in its application of 18 U.S.C. § 3553(a) by placing excessive import on deterrence. "[*United States v.*] *Booker* [543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ] ... instructed that 'reasonableness' is the standard controlling appellate review of the sentences district courts impose." *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007). "[W]hile the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences-whether inside, just outside, or significantly outside the Guidelines range-under a deferential abuse-of-discretion standard." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).

"Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) (in-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ternal quotation marks omitted). A district court judge may "take into account all relevant conduct, charged and uncharged, provided that the relevant conduct findings are supported by sufficient evidence." *United States v. Munoz,* 233 F.3d 1117, 1127 (9th Cir.2000); *see also* United States Sentencing Guidelines Manual § 1B1.4 (2006). The district court explicitly discussed the need to deter Reyes–Lopez from further smuggling and the desire to give a sentence commensurate with "similarly situated individuals," and also made various references throughout the sentencing hearing to his general review of § 3553(a). The court detailed its logic for imposing a 30–month sentence. Given Reyes–Lopez's undaunted history of alien smuggling, the sentence is not unreasonable.

**AFFIRMED.**