UNITED STATES of America,
Plaintiff–Appellee,

v.

Bert Douglas MONTGOMERY,
Defendant–Appellant.

No. 07–10058.

United States Court of Appeals,
Ninth Circuit.

Submitted April 24, 2008.*

Filed April 24, 2008.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy E. Moran, Esq., USNMI–Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

George Anthony Long, Esq., Law Office of G. Anthony Long, Saipan, MP, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

MEMORANDUM **

Burt Douglas Montgomery was convicted by a jury of three counts of wire fraud, one count of conspiracy to commit wire fraud, one count of deprivation of honest services, three counts of money laundering, and one count of conspiracy to launder money. The district court sentenced Montgomery to 240 months imprisonment.

** This disposition is not appropriate for publication and is not precedent except as provid-

Montgomery appealed his sentence to this court. This court remanded for limited reconsideration pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), without reaching the merits of Montgomery's claim that his sentence is unreasonable. *United States v. Montgomery*, 143 Fed.Appx. 757 (9th Cir. 2005). On remand, the district court reaffirmed Montgomery's original sentence.

Montgomery appealed a second time, arguing that the district court erred by making its resentencing decision without first requesting and reviewing briefing by counsel. This court remanded again without reaching the merits of Montgomery's reasonableness arguments, directing the district court to request and review counsels' briefing before making its resentencing decision. *United States v. Montgomery*, 462 F.3d 1067 (9th Cir.2006). The district court did so and on January 5, 2007, again reaffirmed Montgomery's original sentence.

Montgomery now appeals the reasonableness of his 240–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. *Standard of Review*

"This court reviews the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir.2005).

2. *Enhancements*

■ Montgomery contends that the district court erred in applying the two-level

ed by 9th Cir. R. 36–3.

obstruction of justice enhancement. Under the Sentencing Guidelines, the obstruction of justice enhancement is triggered when a defendant willfully gives false material testimony. U.S.S.G. § 3C1.1(4)(b); *see United States v. Cooper,* 173 F.3d 1192, 1205 (9th Cir.1999). In its January 5, 2007 order, the district court explicitly clarified that it had found that Montgomery willfully gave false material testimony when it adopted the pre-sentencing report. Montgomery argues that this clarification was improper in the absence of a full resentencing hearing. We find this argument to be meritless because the underlying factual findings are supported by the record and reflected in the pre-sentencing report.

■ Montgomery also contends that the district court erred when it applied the three-level leadership role enhancement because it failed to apply the clear and convincing evidence standard. The clear and convincing standard is warranted when an enhancement has a disproportionate impact on a sentence. *See United States v. Pike,* 473 F.3d 1053, 1057 (9th Cir.2007). Montgomery argues that the leadership role enhancement had a disproportionate impact on his sentence because it was a three-level enhancement that increased his sentence range from 151–188 months to 235–293 months. We conclude that neither a three-level enhancement nor an increase of this amount results in an "extremely disproportionate effect." *Id.*

■ Montgomery also argues that the leadership role enhancement was not supported by sufficient factual findings. However, his co-defendants testified that they took their direction from Montgomery. This testimony was presented in the pre-sentencing report that the district court expressly adopted. Therefore, the underlying factual findings necessary to support the leadership role enhancement

are supported by the record and were properly adopted by the district court.

■ Montgomery further asserts that the district court erred when it applied the eighteen-level enhancement for a money laundering offense involving between $2,500,000 and $7,000,000. We find this argument to be meritless because the jury found Montgomery guilty of money laundering in specific amounts totaling $2,800,000.

For the foregoing reasons, we find that the district court did not err when it applied these three sentencing enhancements.

3. *Reasonableness*

Montgomery contends that his sentence was unreasonable because the district court did not adequately consider the 18 U.S.C. § 3553(a) factors. In determining whether § 3553(a) factors were properly considered, we look at whether "the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006); *accord Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 597, 169 L.Ed.2d 445 (2007). A sentencing judge can adequately consider the factors without mentioning them each by name. *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006).

■ Here, the district court carefully considered the 18 U.S.C. § 3553(a) factors. It provided a detailed analysis of the nature, circumstances, and seriousness of the offense. It also considered Montgomery's health and age, and the impact of his crimes on the community. The district court explained that it was declining Montgomery's request for a downward departure because it believed that the length of the sentence was necessary to promote respect for the law, provide deterrence,

and justly punish Montgomery for the harm he had inflicted. In light of the district court's careful consideration of the § 3553(a) factors, as well as the nature and circumstances of Montgomery's offenses, we conclude that the 240–month sentence was not unreasonable and the district court did not abuse its discretion.

### 4. *Remaining Arguments*

Montgomery's other arguments lack merit. We reject them without further discussion.

**AFFIRMED.**