**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50063 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-0030-JVS-1 |
| v. | |
| SHAUN KING, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before:    CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM,[**]
District Judge.

Shaun King appeals from the seventy-month sentence and life-term of

supervised release imposed following his guilty plea to one count of possession of

child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm in part and vacate and remand in part for resentencing.

King argues that the district court failed to adequately explain the reasons for the sentence imposed and failed to consider King's arguments at sentencing. We disagree. The district court sufficiently explained its sentence "to permit meaningful appellate review." *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *United States v. Mix*, 457 F.3d 906, 912 (9th Cir. 2006). The record demonstrates that the district court also properly considered King's arguments at sentencing. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

King argues that the district court erred by applying a four-level enhancement, pursuant to U.S.S.G. § 2G2.2(b)(7), because the preponderance of the evidence did not support a finding that his offense involved the possession of 300 or more images of child pornography. We agree that the summary of the probation officer's discussion with the case agent in the presentence investigation report lacks sufficient indicia of reliability to support a finding that the offense involved 300 or more images of child pornography. *See U.S.S.G. § 6A1.3 & cmt.; United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc). There was inadequate information in the record from which the district court could conclude that the case agent had the qualifications to evaluate and define which

2

images constituted child pornography as opposed to child erotica or adult pornography. *Cf. United States v. Overton*, 573 F.3d 679, 686-87 (9th Cir. 2009).

The district court's error was not harmless because it is not clear that the district court would have imposed the same sentence had it properly found facts supporting the sentencing enhancement. *See United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009); *United States v. Cantrell*, 433 F.3d 1269, 1280 n.4 (9th Cir. 2006). Accordingly, we vacate King's sentence and remand for resentencing for factual findings consistent with this opinion.

Because the district court clearly erred in finding facts relating to the number of images involved in the offense, we do not reach the question of whether the sentence was substantively reasonable. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008).

King argues that the life-term of supervised release is substantively unreasonable. The district court considered both King's arguments at sentencing and the statutory sentencing objectives under 18 U.S.C. § 3553(a). *See United States v. Daniels*, 541 F.3d 915, 922 (9th Cir. 2008). A life-term of supervised release is substantively reasonable under the totality of the circumstances. *Id.* at 923-24; *see also United States v. Cope*, 527 F.3d 944, 952 (9th Cir. 2008).

**AFFIRMED in part, and VACATED and REMANDED in part.**