**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50548 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03121-L |
| v. | |
| HECTOR GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 21, 2012[**]

Before:   FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Hector Gomez appeals from the 60-month sentence imposed following his

guilty-plea conviction for transportation of illegal aliens, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez contends that the district court improperly imposed a sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) because there was inadequate evidence that he intentionally or recklessly created a substantial risk of death or serious bodily injury. The record reflects that Gomez fled border patrol agents at a high rate of speed, nearly side-swiped a border patrol vehicle, and crashed on the premises of a junior high school, resulting in serious bodily injury to the passenger of his vehicle. Accordingly, the district court did not abuse its discretion by imposing the enhancement. *See United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006).

Gomez also contends that the district court improperly imposed a four-level sentencing enhancement under U.S.S.G. § 2L1.1(b)(7) for causing serious bodily injury because there was inadequate evidence that his actions proximately caused the passenger's injuries. There was sufficient evidence in the record for the district court to conclude that Gomez was the cause of the passenger's injuries. Accordingly, the district court did not abuse its discretion by imposing the serious bodily injury enhancement. *See United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006).

**AFFIRMED.**