**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50202 |
| Plaintiff - Appellee., | D.C. No. 2:04-cr-00263-SVW-1 |
| v. | |
| LORENZO ESPINOZA, aka Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 9, 2012
Pasadena, California

Before:   REINHARDT and W. FLETCHER, Circuit Judges, and BREYER,
District Judge.[**]

Lorenzo Espinoza pleaded guilty to a five-count indictment for a conspiracy to

defraud the Housing and Urban Development (HUD) agency, bankruptcy fraud,

willful failure to pay taxes, and money laundering. After rejecting the leadership

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

enhancement recommended by the Presentence Report and reducing the amount of loss for which the sentence should account, the district court calculated a Guidelines range of 12-18 months. It then sentenced Espinoza to one year of imprisonment on the tax count and five years of imprisonment on each of the others counts, to be run concurrently. Espinoza appeals his sentence. We vacate the sentence on the basis of procedural error, without reaching Espinoza's claim of substantive unreasonableness.

The district court erred in its analysis in two ways. First, it improperly relied on Espinoza's "extreme greed" to justify an increase in his sentence. *See United States v. Enriquez-Munoz*, 906 F.2d 1356, 1361-62 (9th Cir. 1990) ("[P]rofit is a primary motivating factor in many if not most types of crimes. Certainly as to crimes in which the desire for profit commonly plays a role, an upward departure based on the presence of such a motive would be entirely unwarranted."), *abrogated on other grounds as recognized by United States v. Caperna*, 251 F.3d 827 (9th Cir. 2001).

Second, in applying the § 3553(a) factors, the district court did not adequately tie its analysis of these factors to specific facts, especially given the degree to which its sentence varied from the Guidelines range. "'[A] checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable.'" *United States v. Mix*, 457 F.3d 906, 912-13 (9th Cir. 2006). Rather, "the district court must explain [its sentence] sufficiently to permit meaningful appellate review." *United*

2

*States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The requisite degree of explanation "will necessarily vary depending upon the complexity of the particular case, whether the sentence chosen is inside or outside the Guidelines, and the strength and seriousness of the proffered reasons for imposing a sentence that differs from the Guidelines range." *Id.* Whereas "[a] within-Guidelines sentence ordinarily needs little explanation," that is not the case for "a sentence outside the Guidelines." *Id.*; *see also Gall v. United States*, 552 U.S. 38, 46 (2007) ("[A] district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.").

Here, the sentence that the district court imposed—more than three times the top of the Guidelines range and more than seven times that imposed on any other defendant involved in the same crimes—called for a detailed explanation. Although the district court made reference to the "extent and nature of the fraud" that Espinoza committed, the Guidelines account for the amount of loss caused by a crime of fraud. U.S. Sentencing Guidelines Manual § 2F1.1 (2000). To the extent that the district court had in mind features of Espinoza's crimes *other* than the amount of loss that they caused, it did not explain its reasoning in a manner adequate "to permit meaningful appellate review," *Carty*, 520 F.3d at 992.

For these reasons, we vacate the sentence for procedural error. We disagree, however, with Espinoza's other claims of procedural error, and we express no view as to whether a sixty-month sentence is or is not substantively reasonable for the crimes of which Espinoza was convicted.

**VACATED AND REMANDED.**

*United States v. Espinoza*, No. 10-50202

W. FLETCHER, Circuit Judge, dissenting:

I would affirm the sentence of the district court.