**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar CARRERA–NAVAR,**
**Defendant–Appellant.**

**No. 06–10225.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Robert A. Bork, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Oscar Carrera–Navar appeals from the 30–month sentence imposed following his guilty plea to having unlawfully reentered the country after a prior deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carrera–Navar first contends that the district court plainly erred by imposing a 12–level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(B) because the district court had not found the fact of his prior conviction by clear and convincing evidence. We reject this contention.

Even assuming that the clear and convincing evidence standard applies, there is sufficient evidence to support the district court's findings. The record reflects that the presentence report ("PSR") contained a statement that Carrera–Navar was previously convicted of possession for sale of over 229 grams of methamphetamine with the intent to distribute in violation of Cal. Health & Safety Code § 11378. Because Carrera–Navar did not object to these findings, the district court did not err in relying on them at sentencing. *See* Fed.R.Crim.P. 32(i)(3)(A) ("At sentencing, the court ... may accept any undisputed portion of the presentence report as a finding of fact"); *see also United States v. Romero–Rendon*, 220 F.3d 1159, 1165 (9th Cir.2000) (holding that a PSR that specified the statute of conviction was sufficient to support a sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) even under the clear and convincing evidence standard).

Carrera–Navar further contends that the enhancement violated his Sixth Amendment rights, and that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. This contention is foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

Finally, Carrera–Navar contends that the district court failed to give adequate consideration to the 18 U.S.C. § 3553(a) factors, and that it treated the Guidelines as presumptively correct.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, this mischaracterizes the record. Upon careful review, we find no evidence that the district court afforded the Guidelines undue weight. The record instead reflects that the district court carefully considered Carrera–Navar's motion for a downward departure, and rejected it after determining what it believed to be a reasonable sentence.

Furthermore, in imposing this sentence, the district court specifically referred to certain aspects of Carrera–Navar's personal background and history, as well as the need to impose a sentence that would promote respect for the law and provide adequate deterrence from future unlawful activity, as the basis for its reasoning. The court further noted that it was imposing the sentence "in compliance with the requirements for consideration of Section 3553(a)."

Although the court did not articulate every single factor on the record, it was not required to do so. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir.2006) (noting that courts are to afford the § 3553(a) factors their proper significance rather than treating them in checklist fashion); *see also United States v. Knows His Gun*, 438 F.3d 913, 919 (9th Cir.2006), *cert. denied*, —— U.S. ——, 126 S.Ct. 2913, 165 L.Ed.2d 931 (2006) (stating that the district court is not required to address all of the section 3553 factors). Therefore, the district court's sentence was reasonable. *See Mix*, 457 F.3d at 912.

The appellant's unopposed motion to file a replacement opening brief is granted. The clerk is directed to file the replacement opening brief received on December 11, 2006.

**AFFIRMED.**