**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jorge LOPEZ–REYES, Defendant—
Appellant.**

**No. 06–50104.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

Michael L. Stern, Esq., Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Jorge Lopez–Reyes appeals from his 77–month sentence, imposed following his guilty-plea conviction for being found in the United States after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm the sentence, and remand to correct the judgment.

Lopez–Reyes challenges the reasonableness of his sentence on three grounds.

First, he contends the district court failed to consider the nature and circumstances of the offense, as well as Lopez–Reyes's history and characteristics. Second, Lopez–Reyes contends the district court failed to consider whether the punishment was just. The record belies appellant's assertion that the district court failed to consider the appropriate factors. *See United States v. Mix*, 457 F.3d 906, 912 (9th Cir.2006) ("Judges need not rehearse on the record all of the [factors set forth in 18 U.S.C. § 3553(a) ]; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.").

Finally, Lopez–Reyes contends the district court failed to address his request for a downward departure because the court did not believe it had authority to depart. However, the district court did address Lopez–Reyes' request for a downward departure, and declined to exercise its discretion to reduce the sentence below the Guidelines range. We cannot say the sentence imposed was unreasonable. *See United States v. Mohamed*, 459 F.3d 979, 985 (9th Cir.2006).

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED** to correct judgment.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.