**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Claudio ORNELAS–BANUELOS,**
**Defendant–Appellant.**

**No. 06–10445.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2007.*

Filed April 11, 2008.

Before: O'SCANNLAIN, IKUTA, Circuit Judges, and SAND, District Judge **.

### MEMORANDUM ***

Defendant–Appellant Claudio Ornelas–Banuelos appeals the imposition of a 77 month sentence by the United States District Court for the Eastern District of California after pleading guilty to being a deported alien found in the United States. Appellant alleges that the district court imposed an unreasonable sentence (1) by adopting language of the Presentence Investigation Report ("P.S.R.") without considering the factors in 18 U.S.C. § 3553(a) and (2) failing to consider defendant's arguments about over-representation of his criminal history and a perceived sentencing disparity between defendant and others convicted of the same crime. Finding no reversible error and the sentence to be reasonable, we affirm the district court's sentence.

### DISCUSSION

No longer mandatory after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Federal Sentencing Guidelines now grant district courts discretion to determine sentences according to the provisions of 18 U.S.C. § 3553(a) after first determining the correct advisory guideline range. *United States v. Mix,* 457 F.3d 906, 911 (9th Cir.

USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Alexandra Paradis Negin, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

---

* Originally submitted on May 15, 2007, at the request of both parties, we deferred decision pending the Ninth Circuit's en banc determination in *United States v. Carty* and *Zavala,* 520 F.3d 984 (9th Cir.2008). This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3

2006). This Court has jurisdiction to review for reasonableness sentences imposed within the guideline range by the district court. *United States v. Plouffe,* 445 F.3d 1126, 1130 (9th Cir.2006).

Section 3553(a)(2) states that a district court shall impose a sentence

> sufficient, but not greater than necessary ... (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed ... training, medical care, or other correctional treatment....

The district court should weigh factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the [applicable] sentencing range[;]" and "the need to avoid unwarranted sentence disparities" among similar defendants. § 3553(a)(1), (3)–(6).

The factors need not be considered individually but some minimal level of consideration of the factors as a whole is needed. *See, e.g., United States v. Carty,* 520 F.3d 984, 992–94 (9th Cir.2008), *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) ("This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence."). The sentence must be "not greater than necessary" to accomplish the sentencing objectives of § 3553. *Booker,* 543 U.S. at 261, 125 S.Ct. 738, *Carty,* 520 F.3d at 990–91.

Appellant agrees that the P.S.R. (later adopted by the district court) properly calculated the advisory sentencing guidelines range (77 to 96 months) but argues that the district court should have considered the § 3553 factors, and that if it had done so it would have sentenced appellant to a lesser term. (Appellant's Br. at 10.)

Review of the record leads us to the opinion that the district court did in fact analyze the § 3553 factors and defendant's disparity and over-representation arguments. This analysis led the district court to conclude that its 77 month sentence was reasonable.

At sentencing the district court informed the parties that it had "read and considered" the P.S.R. and both the government's and defendant's sentencing memoranda. (E.R. 45:23–46:4.) The P.S.R. contains a comprehensive account of the offense, appellant's prior criminal history, computation of his criminal history, sentencing options, factors that might warrant departure under the guidelines, and other factors to be considered. (P.S.R. 1–11.) The other factors to be considered included the Supreme Court's mandate in *Booker* and a list of the factors to be considered by the district court under § 3553. (P.S.R. 11.) Neither party objected to the court's adoption of the P.S.R. (E.R. 47:4–7).

Defendant's sentencing memorandum, which the court acknowledged reading, argued for a sentence of 51 months, as appellant does now, and made the same arguments concerning the alleged disparity between defendant and other criminals and the over-representation of defendant's criminal history. (E.R. 6–11.) The memorandum addressed specific § 3553 points of consideration, including the nature of the offense, respect for the law, adequate punishment for the offense, protection of the community, and deterrent value. (E.R. 10.)

The government's memorandum, which the court acknowledged reading at sen-

tencing, further addressed § 3553. The government explained that defendant's prior child-sex offense (which resulted in a six-year prison term and defendant's prior removal from the United States) precluded his eligibility from the "Fast-Track" program and his past criminal history was not over-represented. (E.R. 41.) Further, the government explained that a 77 month sentence: would protect the public, would have strong deterrent value, and adequately took into consideration the personal history and characteristics of the defendant. (E.R. 42.)

Finally, while meting out defendant's sentence, the district court discussed application of the § 3553 factors in conjunction with its adoption of the P.S.R., in particular defendant's age, prior criminal history including the child-sex charges, and respect for the law. (E.R. 49:18–50:9.)

## CONCLUSION

With the benefit of the en banc decision of the Court of Appeals for the Ninth Circuit in *Carty* we have reexamined the sentencing imposed herein. We conclude that the district court's reasoning and determination was fully compliant with existing law. *See Carty*, 520 F.3d at 991–93, 995–96.

The district court's sentence is **AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.