**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Royal Gene JONES, Defendant— Appellant.**

No. 07–30208.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2008.

Filed July 23, 2008.

Joseph E. Thaggard, Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Royal Gene Jones, pro se.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Royal Gene Jones appeals the sentence imposed following his guilty plea to solicitation to commit a crime of violence, bank robbery, in violation of 18 U.S.C. § 373(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Federal Rule of Criminal Procedure 32(h) requires a district court to give

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"the parties reasonable notice that it is contemplating ... departure" from the applicable Guideline range "on a ground not identified for departure either in the pre-sentence report or in a party's prehearing submission.... The notice must specify any ground on which the court is contemplating a departure." *See also Burns v. United States*, 501 U.S. 129, 138–39, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In this case, Jones's Pre–Sentence Report ("PSR") contained language noting that the section was "included as notice to all parties that this may be an issue warranting departure." The PSR also noted that United States Sentencing Guidelines ("U.S.S.G.") § 4A1.3(a)(1) "may constitute grounds for an upward departure." Therefore, as to the issue of the inadequacy of Jones's criminal history, the district court did not need to provide further notice that it might depart upward.

■ A district court may depart upward from an applicable Guideline range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1); *see also* U.S.S.G. §§ 4A1.3(a)(2)(A) and 4A1.2, cmt. n. 8. Jones's initial criminal history score did not reflect either the seriousness of his criminal history or the likelihood of recidivism. *See United States v. Bad Marriage*, 392 F.3d 1103, 1111–13 (9th Cir. 2004). Thus, the district court's calculation of Jones's advisory sentencing Guideline range was reasonable.

■ The district court did not plainly err by applying the preponderance of the evidence standard rather than the clear and convincing evidence standard. Jones failed to object to the district court's application of the preponderance standard. A district court determines the base offense level for solicitation of a crime by looking to the base offense level for the substantive offense, including "any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a); *see also* U.S.S.G. § 2B3.1(b)(7). The evidence demonstrated that Jones intended to rob more than $800,000 from the Bank. The amount was not speculative. *See* U.S.S.G. § 2X1.1 cmt. n. 2. Jones was not prejudiced by the district court's use of the wrong standard of proof, and the district court did not clearly err by enhancing Jones's sentence.

■ The district court did not clearly err in concluding that no further hearing was necessary to determine whether the government's failure to move under U.S.S.G. § 5K1.1 for a substantial assistance reduction was in bad faith. Under U.S.S.G. § 5K1.1, the government has the discretion, but not the duty, to move for a downward departure where a defendant renders substantial assistance to the government. *See Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). If a defendant contends that he cooperated and that the prosecutor is acting in bad faith while declining to file a motion, "a factual dispute arises, and the district court can determine whether in fact the defendant did provide substantial assistance as part of the bad faith determination." *United States v. Mikaelian*, 168 F.3d 380, 385 (9th Cir.1999); *see United States v. Quach*, 302 F.3d 1096, 1103 n. 3 (9th Cir.2002). It is not enough for a hearing, however, for the defendant merely to argue that his assistance was substantial. *See Wade*, 504 U.S. at 186–87, 112 S.Ct. 1840.

Nothing in the record suggests that the government's refusal to move for a downward departure under U.S.S.G. § 5K1.1 was arbitrary or based on an unconstitu-

tional motive. *See Wade,* 504 U.S. at 185–86, 112 S.Ct. 1840; *Quach,* 302 F.3d at 1103 n. 3. Even Jones's own counsel acknowledged that the information provided by Jones was not current and that Jones was not "at the moment in a position to give [the government] that type of information if that's what they're seeking."

The district court did not impose an unreasonable sentence. When reviewing a sentence for reasonableness, we (1) must ensure that there was not significant procedural error, such as an improper Guideline calculation or a failure to consider the factors in 18 U.S.C. § 3553(a); and (2) will consider the substantive reasonableness of the sentence. *Gall v. United States,* –– U.S. ––––, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). When considering the factors in § 3553(a), "district courts must provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006). A district court, however, is not required to refer to each factor listed in § 3553(a). *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006).

The court specifically stated that it had considered the § 3553(a) factors when determining Jones's sentence, and explained on the record its consideration of § 3553(a) factors as they applied to Jones. The district court was also aware of the cooperation which Jones claimed he had provided to the government, reviewed Jones's *pro se* motion, and held a lengthy hearing in chambers. The record therefore demonstrates that the district court properly listened to and considered the arguments made by Jones concerning his history and personal characteristics, and considered the § 3553(a) factors. Nothing more was

required of the district court. *See Mix,* 457 F.3d at 912.

**AFFIRMED.**