NOT FOR PUBLICATION

FILED

MAY 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30272 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00367-MO-1 |
| v. | |
| CHARLIE RUSSELL MCCASLAND, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 5, 2010
Portland, Oregon

Before: KOZINSKI, Chief Judge, KLEINFELD and IKUTA, Circuit Judges.


Contrary to McCasland's argument, the district court did not violate Federal

Rule of Criminal Procedure 32(i)(1)(C) by failing to give him notice of the facts in

the comparison case referenced at his sentencing hearing. Rule 32 "does not apply

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to [18 U.S.C.] § 3553 variances by its terms," *Irizarry v. United States*, 128 S. Ct. 2198, 2202 (2008) in part because "[s]entencing is a fluid and dynamic process and the court itself may not know until the end whether a variance will be adopted, let alone on what grounds. . . .  Adding a special notice requirement whenever a judge is contemplating a variance may create unnecessary delay," *id.* at 2203 (citation and internal quotation marks omitted).

Because McCasland failed to object to the comparison case at his sentencing hearing, he forfeited his right to challenge it, and we review for plain error. *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 771–72 (9th Cir. 2006).  We are not convinced that the district court erred by considering the facts in another defendant's case when making the determinations required by § 3553(a)(6).  But even if there had been an error, it certainly was not plain at the time of the appeal. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).  For example, we have held that a district court's sentence was reasonable even though the district court compared the criminal history and post-arrest rehabilitation efforts of a defendant to that of his co-defendant during sentencing.  *United States v. Saeteurn*, 504 F.3d 1175, 1181–83 (9th Cir. 2007); *see also United States v. Autery*, 555 F.3d 864, 875 (9th Cir. 2009).  None of the cases cited by McCasland preclude a district court from considering a comparison case when making the

determinations required by § 3553(a)(6).  Nor have we found any case so holding.

Furthermore, the district court adequately explained the reason for the extent of the

variance below the Guidelines range.  *See United States v. Bendtzen*, 542 F.3d 722,

728–29 (9th Cir. 2008); *United States v. Mix*, 457 F.3d 906, 911–12 (9th Cir.

2006).

Because the district court did not commit plain error or fail to offer an

adequate explanation for McCasland's sentence, the district court did not abuse its

discretion by denying the motion to reconsider or motion to supplement the record.

In light of our determination, there is no reason for us to take the unusual step of

granting McCasland's motion to supplement the record on appeal.  *See Daly-

Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1988).

**AFFIRMED**.