UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STEVEN M. FERGUSON,<br><br>Defendant - Appellant. | No. 07-50437<br><br>D.C. No. CR-06-00909-R-1<br>Central District of California,<br>Los Angeles<br><br><br>ORDER |

Before: RYMER, KLEINFELD, and SILVERMAN, Circuit Judges.


The memorandum disposition filed on November 2, 2010 is amended as

follows:

On page 1 of the memorandum disposition, strike "and travel."

On page 5 of the memorandum disposition, insert the following paragraph

after "There is therefore no plain error under Van Alstyne:"


Ferguson argues that there was insufficient evidence to support
his conviction for travel fraud, specifically, in that the government did
not provide sufficient evidence to show "that as a result of [his Ponzi]
scheme, [his] victim[s] [were] induced to travel in interstate (or
foreign) commerce." United States v. Freeman, 434 F.3d 369, 376-77
(9th Cir. 2004). The evidence was sufficient for a reasonable jury to
find that the government had met its burden as to the travel fraud

charges. Ferguson based his Ponzi scheme on appearing rich and successful to gain investors' trust and money. The all-expenses paid trip to Hawaii was one more means by which Ferguson lured victims into his confidence. After the Hawaii trip, Ferguson received hundreds of thousands of dollars in investments from the victim whom he had brought on the trip. At least one of the victims testified that he made those investments based on representations made to him by Ferguson on the trip. Based on this evidence, a reasonable jury could find that the victims' travel from Switzerland to Los Angeles and then from Los Angeles to Hawaii was induced by Ferguson's plan to gain their trust by false representations and thus receive further investment in his Ponzi scheme.

With these amendments, the panel has voted unanimously to deny the petition for rehearing. Judges Rymer and Silverman have voted to deny the petition for rehearing en banc, and Judge Kleinfeld has recommended the same.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R. App. P. 35(b).

The petition for rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing or petitions for rehearing en banc will be entertained.

The amended memorandum disposition is filed concurrently with this Order.

FILED

JAN 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-50437 |
| Plaintiff - Appellee, | D.C. No. CR-06-00909-R-1 |
| v. | AMENDED |
| STEVEN M. FERGUSON, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted May 7, 2009[**]
Withdrawn from submission September 9, 2009
Resubmitted March 16, 2010
Pasadena, California

Before: RYMER, KLEINFELD, and SILVERMAN, Circuit Judges.

Two relevant events occurred subsequent to Ferguson's conviction. First,

the Supreme Court issued <u>United States v. Santos</u>, 553 U.S. 507 (2008), addressing

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

whether for purposes of 18 U.S.C. § 1956, in the context of an illegal lottery, "proceeds" meant profits or gross receipts. Ferguson argues that under Santos, the evidence was insufficient for his money laundering counts. Second, we construed Santos in United States v. Van Alstyne, 584 F.3d 803 (9th Cir. 2009). We withdrew this case from submission pending issuance of the mandate in Van Alstyne and supplemental letter briefs from the parties addressing its effect on this case.

Santos is, as we said in Van Alstyne, a decision "with less than clear results." Van Alstyne, 584 F.3d at 807. The distinguishable facts and plurality decision make Santos by itself difficult to apply, but we are bound in any event by our Van Alstyne decision construing it. The question whether "proceeds" means one or the other does not matter for crimes committed after May 2009, because Congress has amended 18 U.S.C. § 1956 establishing that "proceeds" now means gross receipts. 18 U.S.C. § 1956(c)(9). Ferguson's conduct, though, occurred prior to this amendment, so Santos as construed by Van Alstyne matters to his case.

Van Alstyne holds that under Santos, "proceeds" in 18 U.S.C. § 1956 means "gross receipts" except where the money transfers are "inherent in the scheme." In that Ponzi scheme, payments to earlier investors were inherent to the scheme because it is inherent in a Ponzi scheme that payouts to earlier investors lull later investors into believing that the investment scheme is genuine. Van Alstyne holds that although such payouts should not be counted as "proceeds," a refund in full of an investor's money was not "inherent," so that money could not properly be subtracted from "proceeds."

Ferguson challenges for insufficient evidence his convictions on counts 5 through 15 of his 24-count indictment. None of those counts were for payouts to earlier investors, as were the counts for which the convictions were reversed in Van Alstyne. All were for such expenditures as travel to distant locations, private chef services, limousine services, lavishly benefitted staff, and impressive offices. Ordinarily we review insufficiency of evidence challenges de novo, United States v. Carranza, 289 F.3d 634, 641 (9th Cir.2002), but since Ferguson could not and did not raise the concern over the meaning of "proceeds" in his Rule 29 motion, we review "for plain error to prevent a 'miscarriage of justice.'" United States v.

3

Roston, 986 F.2d 1287, 1289 (9th Cir.1993) (quoting United States v. Curtis, 568 F.2d 643, 647 (9th Cir.1978)), cert. denied, 519 U.S. 955 (1996). To find plain error, we "must find that (1) there is 'error'; (2) it was 'plain'; and (3) the error affected 'substantial rights.' If these conditions are met, we may notice the forfeited error only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Recio, 371 F.3d 1093, 1100 (9th Cir. 2004) (quoting United States v. Olano, 507 U.S. 725, 732-36 (1993)). Here, because there is no constitutional error and the law was unclear at trial and is still unclear on appeal, error is not plain. United States v. Turman,122 F.3d 1167, 1170 (9th Cir. 1997) (holding that when the law is unclear at trial and becomes clear only as a result of later authority, error is not plain).

Under Van Alstyne, it is not "plain" that these expenditures are inherent in the scheme and should be subtracted from "proceeds." These extravagances could be "front" inherent in the Ponzi scheme, or front not inherent in the scheme, or mere self-indulgences with victims' money, not inherent in the scheme. Likewise inducing "investors" to take a luxury trip to Hawaii could be personal indulgence

4

not inherent in the scheme for the purposes of 18 U.S.C. § 2314. There is therefore no plain error under Van Alstyne.

Ferguson argues that there was insufficient evidence to support his conviction for travel fraud, specifically, in that the government did not provide sufficient evidence to show "that as a result of [his Ponzi] scheme, [his] victim[s] [were] induced to travel in interstate (or foreign) commerce." United States v. Freeman, 434 F.3d 369, 376-77 (9th Cir. 2004). The evidence was sufficient for a reasonable jury to find that the government had met its burden as to the travel fraud charges. Ferguson based his Ponzi scheme on appearing rich and successful to gain investors' trust and money. The all-expenses paid trip to Hawaii was one more means by which Ferguson lured victims into his confidence. After the Hawaii trip, Ferguson received hundreds of thousands of dollars in investments from the victim whom he had brought on the trip. At least one of the victims testified that he made those investments based on representations made to him by Ferguson on the trip. Based on this evidence, a reasonable jury could find that the victims' travel from Switzerland to Los Angeles and then from Los Angeles to

5

Hawaii was induced by Ferguson's plan to gain their trust by false representations and thus receive further investment in his Ponzi scheme.

Ferguson argues that his sentence was improperly imposed because the district court did not calculate the guidelines range, did not explain why the sentence was chosen in light of the guidelines and § 3553, and improperly imposed an upward adjustment for obstruction of justice. The district court is obligated to "begin by determining the applicable Guidelines range," then must "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." United States v. Carty, 520 F.3d 984, 992 (9th Cir. 2008). If objections are raised, the district court must "explain why he accepts or rejects the party's position." Id. at 993. The district court however "need not tick off each of the § 3553(a) factors to show that it has considered them," nor articulate "how each § 3553(a) factor influences its determination of an appropriate sentence." Id. at 992. The § 3553 discussion may be cursory. See United States v. Mix, 457 F.3d 906, 912 (9th Cir. 2006).

6

Ferguson is correct that the district court must under <u>Gall v. United States</u>, 552 U.S. 38 (2007) and <u>United States v. Waknine</u>, 543 F.3d 546 (9th Cir. 2008) explain its calculation of the sentencing guidelines and its consideration of § 3553. It did not do so here, even in the terse manner we have accepted where appropriate. The district court did not even say that it accepted the presentence report calculation of the guidelines, though it appears that it probably did. The district court did not mention what § 3553 requires the district court to consider, and did not discuss any of the considerations, so we do not know whether they were considered. Though "when a defendant's arguments are straightforward and uncomplicated, the district court does not abuse its discretion when it listens to the defendant's arguments and then 'simply [finds those] circumstances insufficient to warrant a sentence lower than the guidelines range'" <u>United States v. Stoterau</u>, 524 F.3d 988, 999 (9th Cir. 2008) (<u>quoting</u> <u>United States v. Carty</u>, 520 F.3d 984, 995 (9th Cir. 2008) (en banc)), we do not even have such findings here. As for whether the guidelines calculation amounted to plain error because the obstruction of justice adjustment could not properly be imposed, the lack of any explanation by the district court makes this question incapable of review. The sentence must therefore be vacated and the case must be remanded for resentencing.

Ferguson also challenges two conditions of supervised release, that he "shall not be self employed" and that he "participate in a domestic violence program." The court did not say why these conditions were imposed, did not say that the court was considering them, and they are not in the list of mandatory or discretionary conditions in the guidelines. U.S.S.G. §§ 5D1.3(a)(3) (providing for domestic violence treatment only for a defendant "who is convicted for a domestic violence crime as defined in 18 U.S.C. §3561(b) for the first time"), 5D1.3(e)(4) and 5F1.5 (on Occupational Restrictions, which include only "the specified occupation, business, or profession held by the defendant prior to conviction." United States v. Stoterau, 524 F.3d 988 (9th Cir. 2008)). The presentence report does not suggest either condition.

According to the presentence report, Ferguson had been physically abusive to his wife, and the conviction established that he was dishonest, but while there may have been a basis for conditions addressing employment and domestic violence, he was entitled to notice that these conditions were under consideration so that he could address their appropriateness and their exact terms. "Where a condition of supervised release is not on the list of mandatory or discretionary

8

conditions in the sentencing guidelines, notice is required before it is imposed, so that counsel and the defendant will have the opportunity to address personally its appropriateness." United States v. Wise, 391 F.3d 1027, 1033 (9th Cir. 2004).

The self employment prohibition, in particular, might have been different had notice been given, since Ferguson's dishonesty might well make some self employment too dangerous to the public but other self employment safe for the public. It is quite possible that no employer would want to hire Ferguson after he is released from prison, so that some sort of self employment will be the only legitimate means of supporting himself after release. See 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a); United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003) (explaining that conditions of supervised release "are permissible only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender").

Accordingly, the conviction is AFFIRMED, but the sentence is VACATED and the case is REMANDED FOR RESENTENCING.