**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

EDDIE CHACO, JR.,

      Defendant-Appellant.

No. 12-2064
(D.C. No. 1:10-CR-03463-JB-1)
(D.C. New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES, HOLLOWAY** and **MURPHY**, Circuit Judges.

---

Defendant-Appellant Eddie Chaco, Jr., was charged with three counts of aggravated sexual abuse of a minor who was less than twelve years of age in violation of 18 U.S.C. §§ 1153, 2241(c) & 2246(2)(D). After jury trial, he was convicted of all three counts. The district court sentenced him to 516 months' imprisonment on each count, to be served concurrently. Mr. Chaco appeals from his convictions. The district court had jurisdiction under 18 U.S.C. §§ 1153(a) & 3242. This court is granted appellate jurisdiction by 28 U.S.C. § 1291.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Jane Doe, the victim of the crimes at issue here, is the daughter of Defendant Chaco.[1] The indictment alleged three specific acts of abuse, one for each count, and that each act occurred between August 2008 and May 2010. The acts occurred at the home of Jane Doe's paternal grandparents, on the Navajo Reservation at Tohajiile, New Mexico. For purposes of this appeal, a general overview of the evidence presented at trial will suffice to provide context for the legal issue presented.

Jane Doe testified that during the time specified, her father would stay with his parents and her periodically. Part of the time there were other family members staying there as well. The home included several separate structures, including a main house occupied by the grandparents and a separate, one-room building that her father used as his bedroom when he was there. Jane Doe testified that her father sexually abused her when she was sleeping in that building and that this happened about nine times. One time her father attempted a sexual assault when they were both in the main hogan where her grandparents slept. All of the assaults occurred at night, and Mr. Chaco was drunk on each occasion. Jane Doe was twelve years old when she testified at trial; she would have been between ages nine and eleven when her father assaulted her.

---

[1] The victim's actual name was used throughout the trial, but we will use a pseudonym in this order and judgment.

Mr. Chaco testified at trial and denied that he had sexually abused his daughter at any time.

**II**

In his opening brief on appeal, Mr. Chaco raises only one issue. He contends that his right to due process was violated because the trial court allowed the prosecution to present evidence of uncharged sexual abuse without a jury instruction specifically limiting the use of such evidence. The government in response argues that Mr. Chaco, through his trial counsel, waived the opportunity to have a limiting instruction given to the jury. In his reply brief, Mr. Chaco reformulates his challenge as being based solely on the admission of the evidence, disavowing any contention that the "failure" to give a limiting instruction is, by itself, grounds for reversal of the jury verdict. In order to discern the appropriate standard of review we should apply in this appeal, we first examine the development of this issue in the district court.

The government sought approval to present evidence of uncharged sexual abuse in a pretrial motion *in limine*. In that motion, the prosecution asserted that Jane Doe had told investigators that Mr. Chaco had sexually abused her "approximately ten times," all during the time from August 2008 to May 2010 that the three charged crimes allegedly took place. Citing Fed. R. Evid. 414(a), the prosecution contended that Jane Doe should be allowed to testify about all the

incidents.[2]  Counsel for Mr. Chaco did not file a response to the government's motion.  At a pretrial conference, Mr. Chaco's attorney said that he did oppose the motion.[3]  The judge took the motion under advisement.

The district judge later granted the government's motion *in limine* in a written order.  The judge noted that defense counsel had taken the position (at the pretrial conference) that the evidence was irrelevant and that the alleged conduct should have been charged in a superseding indictment.  The trial judge noted that, although the evidence might be admissible under Fed. R. Evid. 414(a), evidence proffered under that rule is also subject to the balancing test set out in Fed. R. Evid. 403.[4]  In analyzing the evidence under Rule 403, the judge noted that "with an appropriate jury instruction, such as the one used in *United States v. McHorse*, [179 F.3d 889, 903 (10th Cir. 1999)] the chance that the proffered evidence will contribute to an

---

[2]Rule 414(a) provides:

In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

[3]Mr. Chaco did not, however, dispute that the evidence was within the parameters of Rule 414(a).  Nor does he make that contention on appeal.

[4]Rule 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

improperly based verdict is significantly reduced." The judge quoted that instruction and suggested that defense counsel should submit a similar limiting instruction if he wanted the jury to receive it.

Defense counsel never submitted and never requested a limiting instruction. At the close of a conference on the proposed jury instructions after both sides had rested, the judge asked defense counsel if he had "anything else you need to say about the instructions?" Mr. Chaco's attorney said that he did not.

The government now contends that Mr. Chaco's attorney waived the chance to have a limiting instruction given, so that this panel should not consider this appeal at all. As noted, in his reply brief Mr. Chaco attempted to re-formulate the issue as strictly a question of whether the evidence was properly admitted. And at oral argument, Mr. Chaco contended that the instruction issue had merely been forfeited, rather than waived. The distinction is a significant one for appellate practice generally, although for the reasons which follow we do not think it is important to the outcome of this case.

"Waiver is the intentional relinquishment or abandonment of a known right," whereas "forfeiture is the failure to make the timely assertion of a right." *United States v. Olano*, 507 U.S. 725, 733(1993) (internal quotation marks omitted). In other words, "waiver is accomplished by intent, but forfeiture comes about through neglect." *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008) (alteration omitted). When an issue has been waived, we do not review it; when an

-5-

issue has been forfeited, we may review it for plain error. *See United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1183 (10th Cir. 2009).

Although trial counsel's failure, or disinclination, to request a limiting instruction after repeated prompting from the trial judge comes close to an intentional waiver, we do not need to decide the waiver *vel non* issue because the result is the same when we review the issue for plain error.

We hold that there was no plain error. Indeed, it is far from clear that there is any error in not giving a limiting instruction. In short, the court could not have committed error unless the court had a duty to give a limiting instruction *sua sponte*. No authority has been offered, and this panel has found none, that imposes that duty on the trial court. Hence, if there were any error, it was not *plain* error.

Even though we see no plain error in lack of a limiting instruction, we will construe Mr. Chaco's opening brief generously as arguing that the Rule 414 evidence was in any event so prejudicial that its admission was an abuse of discretion. We find that it was not. The district judge's written order carefully explained his analysis of the evidence and of our precedents applying Rules 414 and 403. We find no flaw in that reasoning. *See* Memorandum Opinion and Order, Doc. 85.

This case ultimately must have been resolved by the jury's determination that Jane Doe was credible and Mr. Chaco was not. The fact that Jane Doe testified to nine incidents instead of just three does not seem to us to have likely been a controlling factor in the jury's credibility determinations, and Mr. Chaco offers no

specific reason to support his conclusory assertion that his due process rights were violated.

We have found no abuse of discretion in the admission of evidence under Rule 414 in a number of cases, including some in which the context of the case suggests that the evidence could have had a greater impact than in this case. In particular, in several cases the Rule 414 evidence concerned one or more victims who were not subject to the assaults for which the defendants were charged and convicted. *See United States v Charley*, 189 F.3d 1251 (10th Cir. 1999); *United States v. McHorse*, 179 F.3d 889 (10th Cir. 1999); *United States v. Mann*, 193 F.3d 1172 (10th Cir. 1999); *see also United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998) (similar context for Rule 413 evidence). We upheld the admission of the challenged evidence in each of those cases. In the context of the present case, we find no basis for concluding that the jurors were improperly influenced by the challenged testimony.

## Conclusion

We find no abuse of discretion in the district court's balancing of the Rule 403 factors that led to the admission of the challenged evidence. Accordingly, the judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge

-7-