**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DERRICK IVAN JIM,

    Defendant-Appellant.

No. 18-2144
(D.C. No. 1:10-CR-02653-JB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **SEYMOUR**, and **McHUGH**, Circuit Judges.

The United States District Court for the District of New Mexico sentenced

Derrick Ivan Jim to life imprisonment for his conviction on two counts of

aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(a)(1), and

2246(2)(A). Mr. Jim now appeals, arguing the life sentence is substantively

unreasonable.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In *United States v. Antelope*, 430 U.S. 641, 645 (1977), the Court held "that federal legislation with respect to Indian Tribes, although relating to Indians as such, is not based upon impermissible racial classifications." Mr. Jim believes *Antelope* was wrongly decided and preserves for Supreme Court review his argument that the racial

I.

In 2012, a federal jury convicted Derrick Ivan Jim of aggravated sexual abuse occurring in the Navajo Nation. The district court sentenced him to 360 months' imprisonment based on a guideline range of 360 months to life. The district court recognized that the victim was seriously injured by the viciousness of Mr. Jim's rape, but the court believed that the victim's injuries were accounted for in the underlying guideline for aggravated sexual abuse. Mr. Jim appealed his conviction and the government cross appealed the sentence, contending the district court should have applied a two-level enhancement pursuant to U.S.S.G. § 2A3.1(b)(4)(B) for causing the victim serious bodily injury. We affirmed the conviction but reversed the sentence, explaining that it is not double-counting to include a sentence enhancement for both "the egregiousness of [a defendant's] *conduct* in committing a sex offense and for the *injuries* inflicted during that offense because those enhancements address different and distinct matters." *United States v. Jim*, 786 F.3d 802, 816 (10th Cir. 2015) (emphasis in original).

At the resentencing hearing, the district court recognized that the victim had sustained serious bodily injury within the meaning of the two-level enhancement. Applying the enhancement resulted in a new offense level of 43.[2]

___

classification created by the Major Crimes Act, 18 U.S.C. § 1153, renders the statute unconstitutional.

[2] The two-level enhancement for causing the victim serious bodily injury increased Mr. Jim's offense level from 42 to 44. However, the highest offense level contemplated by the sentencing guidelines is 43.

Combined with a criminal history of II, the new guideline became a life sentence rather than the previous range of 360 months to life. The district court declined Mr. Jim's request for a downward departure of four offense levels, declined a downward variance from the applicable guideline range, and accordingly imposed a within-guidelines sentence of life imprisonment. Mr. Jim now appeals the district court's sentence, arguing that his life sentence is substantively unreasonable. "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible [18 U.S.C.] § 3553(a) factors in light of the 'totality of the circumstances.'" *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Under the applicable abuse of discretion standard, "a district court's sentence is substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1116 (internal quotation marks and citation omitted).

## II.

### A.    Substantive Reasonableness of Resentencing

Mr. Jim first contends his life sentence is substantively unreasonable given that the district court previously determined that a 360-month sentence would serve the purposes of sentencing, and that no new facts were presented at resentencing. But this overlooks the fact that the district court incorrectly determined the guideline range when it initially sentenced Mr. Jim.  On

3

resentencing, the new guideline was a singular recommendation of life in prison. "If the sentence imposed is within the properly calculated Guidelines range, we may apply a presumption of reasonableness to the sentence on our appellate review." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (citation omitted); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). The district court's proper calculation of Mr. Jim's guideline range is not in dispute here, so we apply a presumption of reasonableness to his within-guidelines sentence. Mr. Jim can rebut this presumption "by demonstrating its unreasonableness in light of the § 3553(a) factors." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008) (citation omitted).

Mr. Jim's first argument fails to consider the increase by two offense levels at resentencing for the victim's serious bodily injury. Once this court found procedural error in Mr. Jim's initial sentencing, the slate was wiped clean and the district court was required at resentencing to reconsider all § 3553(a) factors in light of Mr. Jim's newly corrected offense level of 43. *See United States v. Smith*, 930 F.2d 1450, 1456 (10th Cir. 1991) (remanding for resentencing and "direct[ing] the sentencing court to begin anew . . . [as] fully *de novo* resentencing is entirely appropriate") (internal quotation marks omitted). Analysis of a proper sentence must start from the correctly calculated guideline

range. *See Gall*, 552 U.S. at 49 ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range . . . to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.") (citation omitted); 18 U.S.C. § 3742(g).

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 551 U.S. at 356 (citation omitted). The district court here did just that, both at Mr. Jim's resentencing hearing and in the court's subsequent 34-page Opinion and Order. Given the district court's thorough reconsideration of all circumstances relevant to Mr. Jim's sentence,[3] we cannot conclude that his sentence is substantively unreasonable merely because it increased from 360 months to life imprisonment when the district court resentenced Mr. Jim according to the newly determined guideline recommendation of life in prison.

---

[3] Mr. Jim also contends that his sentence is substantively unreasonable because (1) the district court inaccurately stated that Mr. Jim had not taken steps to address his alcohol problem; and (2) the court unfairly weighed Mr. Jim's insistence on going to trial against him at sentencing. The record shows that the district court considered Mr. Jim's history of alcohol problems at both sentencing hearings and determined not to impose an upward or downward variance. Based upon Mr. Jim's intoxication at the time of the rape, the court could have reasonably determined that Mr. Jim had not taken adequate steps to address his alcohol problem. In addition, we are not convinced that the court punished Mr. Jim for choosing to go to trial. Instead the record demonstrates that the court properly considered both Mr. Jim's decision to lie under oath and his refusal to accept responsibility for the crime. *See United States v. Portillo-Valenzuela*, 20 F.3d 393, 395 (10th Cir. 1994) ("[D]enying the reduction for acceptance of responsibility is not a penalty for exercising any rights. The reduction is simply a reward for those who take full responsibility.").

**B.**     **Substantive Reasonableness of Sentencing Under the Guidelines**

Next, Mr. Jim contends the district court abused its discretion in weighing the § 3553(a) factors and overemphasized the sentencing guidelines in its resentencing. In particular, Mr. Jim first posits that the district court used the guidelines as a proxy for the need to avoid unwarranted disparities among defendants convicted of the same crime and that such emphasis on the guidelines is inappropriate given the rarity of aggravated sexual abuse cases that proceed to trial. He also contends that life sentences are reserved for rape cases more heinous than his case. We address each of these arguments in turn.

### i. Use of the Guidelines as a Proxy Given the Rarity of Aggravated Sexual Abuse Cases Going to Trial

When setting the guideline ranges, the Sentencing Commission "clearly considered" the avoidance of disparities in sentencing. *Gall*, 552 U.S. at 54. Moreover, one factor that district courts must consider when imposing a sentence is "the need to avoid unwarranted sentence disparities among defendants." 18 U.S.C. § 3553(a)(6). Mr. Jim asserts that because aggravated sexual abuse cases rarely go to trial, the guidelines should not serve as a proxy for the unwarranted disparities consideration. But Mr. Jim's position is undermined by the well-established role of the guidelines in sentencing and the district court's detailed consideration at resentencing of all relevant factors, including both upward and downward pressures on Mr. Jim's sentence. The court also considered and

6

distinguished the cases Mr. Jim cites in support of a downward variance from the guidelines.

Section 3553(a) sets forth the relevant factors district courts must consider in imposing a sentence.[4] The district court here carefully analyzed each of these factors both at the resentencing hearing and in its Opinion and Order. In fact, the district court identified and considered fourteen factors placing downward pressure on Mr. Jim's sentence, but concluded that neither a downward departure nor a downward variance from the guidelines was warranted. In light of the district court's detailed explanation of its decision, we are not persuaded the court used the guidelines merely as a proxy in imposing Mr. Jim's sentence.

### ii. Life Sentences in Aggravated Sexual Abuse Cases

Mr. Jim also argues his sentence is substantively unreasonable because life sentences are reserved for more heinous rape cases. In support of his position, Mr. Jim cites three cases in which the defendants received a lesser sentence than he did for aggravated sexual abuse: *United States v. Martin*, 528 F.3d 746 (10th Cir. 2008); *United States v. Estep*, 138 F. App'x 113 (10th Cir. 2005)

---

[4] Factors to be considered in imposing a sentence include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) just punishment (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the kinds of sentences available; (4) the Sentencing Commission Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution." *United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019) (internal quotation marks and citation omitted); *See* 18 U.S.C. § 3553(a) (requiring the district court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]").

(unpublished); and *United States v. Chee*, No. 98-2038, 1999 WL 261017 (10th Cir. May 3, 1999). But these cases are all distinguishable based on the offense level and criminal history category from which the sentences were calculated, and on the fact that the defendants all received sentences within the applicable guidelines range. *See Martin*, 528 F.3d at 749, 754; *Estep*, 138 F. App'x at 117; *Chee*, 1999 WL 261017 at *6. Moreover, substantive reasonableness of the sentence was not an issue on appeal in any of the three cases.

Mr. Jim also asserts that life sentences for aggravated sexual abuse cases and "sentences significantly above 360-months that are likely to result in the defendant dying in prison" generally apply "where victims are minors, and often where the sexual abuse involved multiple victims or was ongoing for a year or more." Aplt. Br. at 33. However, sentencing was an issue on appeal in only one of the six cases Mr. Jim cites in support of this argument, *United States v. Mix*, 457 F.3d 906, 909 (9th Cir. 2006).[5]

---

[5] The defendants in the other five cases appealed only their convictions, and two of the five opinions noted that the sentence the defendant received was within the guideline range for the defendant's offense level and criminal history category. *United States v. Yazzen*, 187 F. App'x 800, 801 (10th Cir. 2006) (unpublished) (noting the guideline range for an offense level 43 and criminal history category of II—Mr. Jim's same level and category—is mandatory life imprisonment); *United States v. Charley*, 189 F.3d 1251, 1259 (10th Cir. 1999) (noting that the district court applied the guidelines in sentencing the defendant to life imprisonment); *United States v. Begay*, 550 F. App'x 604, 606 (10th Cir. 2013) (unpublished) (noting the defendant received a 50-year sentence where victim was a minor and paraplegic); *United States v. Chaco*, 520 F. App'x 694, 695 (10th Cir. 2013) (unpublished) (noting the defendant received a 516-month sentence where victim was a minor); *United States v. Yazzie*, 743 F.3d 1278, 1286

*Mix* is also distinguishable. There, the Ninth Circuit upheld as reasonable an above-guidelines sentence imposed by the district court. *Mix*, 457 F.3d at 909. The district court in *Mix* imposed life sentences as to seven counts (five counts of aggravated sexual abuse and two counts of kidnapping) to run concurrently with two consecutive 120-month sentences for two counts of assault with a dangerous weapon. *Id*. at 909–10. In addition, the court imposed an upward variance from the guideline range based upon "the heinous, brutal, continued nature" of the crime. *Id.* at 910 (quoting the district court opinion). Affirming the life sentence, the Ninth Circuit concluded that the district court "imposed a sentence outside of the Guidelines based upon consideration of § 3553(a) factors that the district court believed had not been adequately taken account of by the Guidelines calculation." *Id.* at 911–12.

Here, the district court did not vary from the guideline calculation by imposing a life sentence. The court carefully considered the sentencing guidelines, § 3553(a) factors, and circumstances putting both upward and downward pressure on Mr. Jim's sentence. We therefore conclude that the district court did not abuse its discretion in imposing a life sentence.

---

(9th Cir. 2014) (noting the district court imposed a 420-month sentence where victim was a minor).

9

III.

Mr. Jim also appeals the district court's imposition of a special condition of supervision that the court had previously specifically excluded during its oral pronouncement of the sentence. Notably, at Mr. Jim's second sentencing hearing, the district court agreed to remove a special condition of Mr. Jim's sentence related to his contact with children under the age of eighteen. The government concedes it was error to thereafter impose this condition, agreeing that the oral pronouncement controls. *See United States v. Villano*, 816 F.2d 1448, 1450–51 (10th Cir. 1987) (en banc). Accordingly, we remand to the district court to amend the judgment to remove the condition.

For the foregoing reasons, we AFFIRM the sentence imposed by the district court but REMAND for further proceedings regarding the special conditions of Mr. Jim's supervised release.

Entered for the Court

Stephanie K. Seymour
Circuit Judge